IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NOVEN PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALVOGEN PINE BROOK LLC and ) <br> ALVOGEN, INC., ) <br> ) <br> Defendants. ) | C.A. No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Noven Pharmaceuticals, Inc. ("Noven" or "Plaintiff"), for its Complaint of patent infringement against Defendant Alvogen Pine Brook LLC and Alvogen, Inc. (collectively, "Alvogen" or "Defendants") alleges as follows:

## THE PARTIES

1. Noven is a Delaware corporation with a principal place of business at 11960 S.W. 144th Street, Miami, Florida 33186.

2. Upon information and belief, Defendant Alvogen Pine Brook LLC is a Delaware corporation having a place of business at 10B Bloomfield Avenue, Pine Brook, New Jersey 07058.

3. Upon information and belief, Defendant Alvogen Pine Brook LLC is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic pharmaceutical products throughout the United States, including Delaware.

4. Upon information and belief, Defendant Alvogen, Inc. is a Delaware corporation having a place of business at 10B Bloomfield Avenue, Pine Brook, New Jersey 07058.

5. Upon information and belief, Defendant Alvogen, Inc. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic pharmaceutical products throughout the United States, including Delaware.

## NATURE OF THE ACTION

6. This is a civil action for infringement of U.S. Patent Nos. 9,730,900 ("the '900 patent") and 9,724,310 ("the '310 patent") (collectively, "patents-in-suit") arising under the United States Patent Laws, Title 35, United States Code § 100, *et. seq.*, and in particular under 35 U.S.C. § 271.

7. This action relates to Abbreviated New Drug Application ("ANDA") No. 208548, which Defendants filed or caused to be filed under 21 U.S.C. § 355(j) with the United States Food and Drug Administration ("FDA"), for approval to market a generic copy of Noven's Minivelle® product (Estradiol Transdermal System) in 0.025 mg/day, 0.0375 mg/day, 0.05 mg/day, 0.075 mg/day, and 0.1 mg/day dosage strengths ("Alvogen's ANDA Product"), throughout the United States.

## JURISDICTION AND VENUE

8. This is a civil action for infringement arising under the Patent Laws of the United States, including 35 U.S.C. § 271.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant Alvogen Pine Brook LLC is incorporated in and resides in the State of Delaware. Upon information and belief, Defendant Alvogen, Inc. is incorporated in and resides in the State of Delaware.

11. This Court has personal jurisdiction because, *inter alia*, Defendants Alvogen Pine Brook LLC and Alvogen, Inc., on information and belief: (1) have substantial, continuous, and systematic contacts with the State of Delaware; (2) intend to market, sell, and/or distribute Alvogen's ANDA Product to the residents of the State of Delaware; (3) maintain a broad distribution network within this State; and/or (4) enjoy substantial income from sales of its generic pharmaceutical products in this State.

12. Additionally, the business of Alvogen Pine Brook LLC involves challenging patents held by branded pharmaceutical companies, including in this Judicial District. Alvogen Pine Brook LLC has consented to jurisdiction and venue in this Court, and availed itself of the protections afforded by this Court, including by asserting counterclaims in this Court.

13. In addition, this Court has personal jurisdiction over Defendants by virtue of the fact that Defendants have committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement, which has led to foreseeable harm and injury to Noven, which is incorporated in and exists under the laws of the State of Delaware.

14. Upon information and belief, Defendant Alvogen Pine Brook LLC is incorporated in the state of Delaware, and purposefully availed itself of this forum by making, using, importing, selling or offering to sell pharmaceutical products in the state of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

15. Upon information and belief, Defendant Alvogen Pine Brook LLC has substantial, continuous, and systematic contacts with the State of Delaware including Defendants' engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

16. Upon information and belief, Defendant Alvogen Pine Brook LLC, and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture and sale of Alvogen's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

17. Upon information and belief, Defendant Alvogen Pine Brook LLC, and/or its subsidiaries, affiliates or agents, intends to place Alvogen's ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

18. Upon information and belief, Defendant Alvogen Pine Brook LLC regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of Delaware.

19. Defendant Alvogen Pine Brook LLC has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, having asserted claims and counterclaims in this jurisdiction, including, *inter alia*, in the matters of *Alvogen Pine Brook LLC v. Noven Pharmaceuticals, Inc.*, C.A. No. 16-cv-00395-LPS (D.Del); *Novartis Pharma. V. Alvogen Pine Brook LLC et al.*, C.A. Nos. 13-cv-00370, 13-cv-00052 (D.Del.); *Reckitt Benckiser Pharmaceuticals Inc. et al v. Alvogen Pine Brook Inc.*, C.A. Nos. 13-cv-02003, 15-cv-00477 (D.Del); *Recro Gainesville LLC v. Alvogen Malta Operations Ltd. et al.*, C.A. No. 14-cv-01364 (D.Del); *Cosmo Technologies Limited et al v. Alvogen Pine Brook, Inc.*, C.A. Nos. 15-cv-00193, 15-cv-01047 (D.Del); *Purdue Pharma LP et al v. Alvogen Pine Brook, Inc.*, C.A. Nos. 15-cv-00687, 15-cv-00784, 15-cv-00940 (D.Del); *Purdue Pharma LP v. Alvogen*

*Pine Brook LLC*, C.A. Nos. 15-cv-01077 (D.Del); *Purdue Pharma LP v. Alvogen Pine Brook LLC et al.*, C.A. No. 17-cv-01131 (D.Del).

20. Upon information and belief, Defendant Alvogen, Inc. is incorporated in the state of Delaware, and purposefully availed itself of this forum by making, using, importing, selling or offering to sell pharmaceutical products in the state of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

21. Upon information and belief, Defendant Alvogen, Inc. has substantial, continuous, and systematic contacts with the State of Delaware including Defendants' engagement in direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

22. Upon information and belief, Defendant Alvogen, Inc. is an alter ego of Defendant Alvogen Pine Brook LLC.

23. Upon information and belief, Defendant Alvogen, Inc. shares its office location with Defendant Alvogen Pine Brook LLC at 10B Bloomfield Avenue, Pine Brook, New Jersey 07058.

24. Upon information and belief, Defendant Alvogen, Inc. holds a current and valid Delaware "Wholesale" pharmacy drug registration under License No. A4-0001942.

25. Upon information and belief, Defendant Alvogen, Inc., and/or its subsidiaries, affiliates or agents, intends to engage in the commercial manufacture and sale of Alvogen's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

26. Upon information and belief, Defendant Alvogen, Inc., and/or its subsidiaries, affiliates or agents, intends to place Alvogen's ANDA Product into the stream of commerce with

the reasonable expectation or knowledge and the intent that such product will be purchased and used by consumers in this Judicial District.

27. Upon information and belief, Defendant Alvogen, Inc. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in this State, and/or derives substantial revenues from the services or products used or consumed in the State of Delaware.

28. Upon information and belief, Defendants operate as a unitary entity for the purposes of manufacturing, marketing, selling, and/or distribution of generic pharmaceutical products, as evidenced by their sharing at least one common office location at 10B Bloomfield Avenue, Pine Brook, New Jersey 07058.

29. Upon information and belief, Defendants operate as a unitary entity for the purposes of manufacturing, marketing, selling, and/or distribution of generic pharmaceutical products, as evidenced by Defendants sharing the same corporate website. (http://www.alvogen.com, last accessed on September 29, 2017).

30. Upon information and belief, Defendants participated in the preparation, development, and filing of ANDA No. 208548, and its underlying subject matter, with the intent to market, sell, and/or distribute Alvogen's ANDA Product to the residents of the State of Delaware. Plaintiff's cause of action arose from Defendants' contact with the State of Delaware.

## MINIVELLE®

31. Plaintiff Noven Pharmaceuticals, Inc. is the holder of New Drug Application ("NDA") No. 203752 for the manufacture and sale of estradiol transdermal system, 0.025 mg/day, 0.0375 mg/day, 0.05 mg/day, 0.075 mg/day, and 0.1 mg/day, and sells the product in the United States under the registered trademark Minivelle®.

32.     The FDA approved NDA No. 203752 for the 0.0375 mg/day, 0.05 mg/day, 0.075 mg/day, and 0.1 mg/day dosage strengths on October 29, 2012, and the 0.025 mg/day dosage strength on September 23, 2014.

33.     Plaintiff Noven Pharmaceuticals, Inc. sells and distributes Minivelle® throughout the United States pursuant to NDA No. 203752.

34.     Minivelle® is indicated for the treatment of moderate to severe vasomotor symptoms (also known as "hot flashes") due to menopause and for the prevention of post-menopausal osteoporosis. A copy of the September 23, 2014 Minivelle® Label is attached as Exhibit A.

## PATENTS-IN-SUIT

35.     The '900 patent, entitled "Transdermal Estrogen Device and Delivery" was duly and legally issued by the United States Patent and Trademark Office on August 15, 2017. Noven is the owner of all right, title, and interest in and to the '900 patent by assignment and therefore has the full right to sue and recover for the infringement thereof. A copy of the '900 patent is attached as Exhibit B.

36.     Pursuant to Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(1) ("FFD&C Act") and corresponding FDA regulations, Noven has submitted information concerning the '900 patent to the FDA in connection with NDA No. 203752, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." The '900 patent has been listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book") as covering Minivelle® and methods for using it.

37.     Claim 1 of the '900 patent is directed, *inter alia*, to a method for administering estradiol, comprising applying to the skin or mucosa of a subject in need thereof a monolithic transdermal drug delivery system consisting of (i) a backing layer and (ii) a single adhesive polymer matrix layer defining an active surface area and comprising an adhesive polymer matrix comprising estradiol as the only drug, wherein the polymer matrix has a coat weight of greater than about 10 mg/cm$^2$ and includes greater than 0.156 mg/cm$^2$ estradiol, and the system achieves an estradiol flux of from about 0.0125 to about 0.05 mg/cm$^2$/day, based on the active surface area.

38.     The approved Minivelle® product labeling instructs medical personnel and/or patients to perform the steps of the claimed method of the '900 patent.

39.     The use of Minivelle® in accordance with its approved product labeling by medical personnel and/or patients necessarily results in the performance of each of the claimed method steps of the '900 patent.

40.     The '310 patent, entitled "Transdermal Estrogen Device and Delivery" was duly and legally issued by the United States Patent and Trademark Office on August 8, 2017. Noven is the owner of all right, title, and interest in and to the '310 patent by assignment and therefore has the full right to sue and recover for the infringement thereof. A copy of the '310 patent and certificates of correction is attached as Exhibit C.

41.     Pursuant to FFD&C Act, 21 U.S.C. § 355(b)(1) and corresponding FDA regulations, Noven has submitted information concerning the '310 patent to the FDA in connection with NDA No. 203752, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged

in the manufacture, use, or sale of the drug." The '310 patent has been listed in the FDA's Orange Book as covering Minivelle® and methods for using it.

42. Claim 1 of the '310 patent is directed, *inter alia*, to a monolithic transdermal drug delivery system for estradiol, consisting of (i) a backing layer, (ii) a single adhesive polymer matrix layer defining an active surface area and, optionally, (iii) a release liner, wherein the single adhesive polymer matrix layer comprises an adhesive polymer matrix comprising estradiol as the only drug, wherein the adhesive polymer matrix layer has a coat weight of greater than about 10 mg/cm$^2$ and includes greater than 0.156 mg/cm$^2$ estradiol, and the system achieves an estradiol flux of from about 0.0125 to about 0.05 mg/cm$^2$/day, based on the active surface area.

43. The Minivelle® product and its approved labeling describe a product that embodies at least one claim of the '310 patent.

## ALVOGEN'S ANDA PRODUCT

44. Upon information and belief, pursuant to FFD&C Act, 21 U.S.C. § 505(j), Defendants submitted ANDA No. 208548 to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alvogen's ANDA Product within the United States prior to the expiration of the '900 and '310 patents.

45. Upon information and belief, Defendants' ANDA No. 208548 identified Noven's Minivelle® product and included a written certification, as required by the FFD&C Act 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Paragraph IV certification"), alleging that the claims of the '900 and '310 patents are invalid or otherwise will not be infringed by Alvogen's ANDA Product.

46. On or about September 18, 2017, Noven received a letter from Alvogen Pine Brook LLC purporting to be a written notice that Defendants had filed ANDA No. 208548 seeking approval to market Alvogen's ANDA Product prior to the expiration of the '900 and

9

'310 patents, pursuant to FFD&C Act 21 U.S.C. § 505(j)(2)(B)(iv) (the "Paragraph IV notice letter"). The Paragraph IV notice letter included notice of Defendants' allegations that the '900 and '310 patents are invalid, unenforceable, and/or not infringed by Alvogen's ANDA Product.

47. Defendants' submission of ANDA No. 208548, including the Paragraph IV certification, to the FDA constituted infringement of the '900 and '310 patents under 35 U.S.C. § 271(e)(2). Moreover, Defendants' anticipated commercial manufacture, use, sale, offer for sale, and/or importation of Alvogen's ANDA Product upon approval and before expiration of the '900 and '310 patents will infringe at least claim 1 of the '900 patent and at least claim 1 of the '310 patent under 35 U.S.C. § 271(a), (b), and/or (c).

48. Noven is commencing this action within 45 days of receiving Defendants' Paragraph IV notice letter.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,730,900

49. Paragraphs 1-48 are incorporated by reference as though fully set forth herein.

50. Administration of Noven's Minivelle® Estradiol Transdermal System according to the approved Minivelle® product labeling satisfies at least claim 1 of the '900 patent.

51. Upon information and belief, Alvogen's ANDA Product has the same use as Minivelle®, at least because Defendants' ANDA No. 208548 refers to and relies upon Plaintiff's NDA No. 203752 for Minivelle®.

52. Upon information and belief, the proposed product labeling for Alvogen's ANDA Product is substantially the same as the approved product labeling for Minivelle®.

53. Upon information and belief, Alvogen's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Minivelle®.

54. Upon information and belief, Alvogen's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '900 patent.

55. Defendants' submission of ANDA No. 208548 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import Alvogen's ANDA Product prior to the expiration of the '900 patent constitutes infringement of at least claim 1 of the '900 patent under 35 U.S.C. § 271(e)(2).

56. Upon information and belief, Defendants will infringe at least claim 1 of the '900 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing Alvogen's ANDA Product in the United States upon the FDA's approval of ANDA No. 208548.

57. Upon information and belief, Defendants will infringe at least claim 1 of the '900 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '900 patent, with knowledge of said patent and said infringement, upon the FDA's approval of ANDA No. 208548.

58. Upon information and belief, the proposed product labeling for Alvogen's ANDA will instruct medical personnel and/or patients to perform the steps of at least claim 1 of the '900 patent.

59. Upon information and belief, the use of Alvogen's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '900 patent.

60. Upon information and belief, Defendants specifically intend to cause others, specifically for example, medical personnel and/or patients, to perform acts that Defendants know infringe at least claim 1 of the '900 patent.

61. Upon information and belief, Defendants will infringe at least claim 1 of the '900 patent under U.S.C. § 271(c) by selling and offering to sell Alvogen's ANDA Product in the United States, with knowledge of the '900 patent and that there is no substantial non-infringing use of Alvogen's ANDA Product, upon the FDA's approval of ANDA No. 208548.

62. Upon information and belief, Defendants know that Alvogen's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing one or more claims of the '900 patent.

63. Alvogen's ANDA Product constitutes a material part of the invention covered by the claims of the '900 patent.

64. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Noven is entitled to a permanent injunction against further infringement. Noven will be substantially and irreparably harmed if Defendants' infringement of the '900 patent is not enjoined. Further, Noven does not have an adequate remedy at law.

65. Upon information and belief, Defendants were aware of the '900 patent prior to submitting their Paragraph IV certification, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '900 patent.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,724,310

66. Paragraphs 1-65 are incorporated by reference as though fully set forth herein.

67. Noven's Minivelle® Estradiol Transdermal System satisfies at least claim 1 of the '310 patent.

68. Upon information and belief, Alvogen's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '310 patent.

69. Defendants' submission of ANDA No. 208548 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import Alvogen's ANDA Product prior to the expiration of the '310 patent constitutes infringement of at least claim 1 of the '310 patent under 35 U.S.C. § 271(e)(2).

70. Upon information and belief, Defendants will infringe at least claim 1 of the '310 patent under U.S.C. § 271(a) by making, using, selling, offering to sell, or importing Alvogen's ANDA Product in the United States upon the FDA's approval of ANDA No. 208548.

71. Upon information and belief, Defendants will infringe at least claim 1 of the '310 patent under U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '310 patent, with knowledge of said patent and said infringement, upon the FDA's approval of ANDA No. 208548.

72. Upon information and belief, the use of Alvogen's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '310 patent.

73. Upon information and belief, Defendants will infringe at least claim 1 of the '310 patent under U.S.C. § 271(c) by selling and offering to sell Alvogen's ANDA Product in the United States, with knowledge of the '310 patent and that there is no substantial non-infringing use of Alvogen's ANDA Product, upon the FDA's approval of ANDA No. 208548.

74. Upon information and belief, Defendants know that Alvogen's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing one or more claims of the '310 patent.

75.     Alvogen's ANDA Product constitutes a material part of the invention covered by the claims of the '310 patent.

76.     Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Noven is entitled to a permanent injunction against further infringement.  Noven will be substantially and irreparably harmed if Defendants' infringement of the '310 patent is not enjoined.  Further, Noven does not have an adequate remedy at law.

77.     Upon information and belief, Defendants were aware of the '310 patent prior to submitting their Paragraph IV Certification, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '310 patent.

## PRAYER FOR RELIEF

WHEREFORE, Noven respectfully prays for:

A.     A judgment that Defendants have infringed the '900 and '310 patents under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 208548 to the FDA, and that the commercial manufacture, use, sale, offer for sale, and/or importation of Alvogen's ANDA Product before the expiration of the '900 and '310 patents will constitute acts of infringement of the '900 and '310 patents;

B.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 208548 shall be no earlier than the dates on which the '900 and '310 patents expire, including any patent term and regulatory extensions;

C.     An injunction under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283, permanently enjoining Defendants, their officers, agents, servants employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in active concert in

participation with them or acting on their behalf, from engaging in the commercial manufacture, use, sale, offer to sell, and/or importation within the United States, of any pharmaceutical product covered by the '900 and '310 patents;

D. An award of damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C) and/or 35 U.S.C. § 284 as appropriate;

E. A finding that this is an exceptional case under 35 U.S.C. § 285, and that Noven be awarded reasonable attorneys' fees and costs; and

F. An award of any such other and further relief as the Court may deem just and proper.

| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| Liane M. Peterson<br>Ryan A. Schmid<br>FOLEY & LARDNER LLP<br>Washington Harbour<br>3000 K Street, N.W., Suite 600<br>Washington, D.C. 20007-5109<br>(202) 945-6116 | */s/ Stephen J. Kraftschik*<br><br>Jack B. Blumenfeld (#1014)<br>Stephen J. Kraftschik (#5623)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>skraftschik@mnat.com |
| Steven J. Rizzi<br>Ramy E. Hanna (#5494)<br>Jayita Guhaniyogi, Ph.D.<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212) 682-7474 | *Attorneys for Plaintiff Noven Pharmaceuticals, Inc.* |
| R. Jan Pirozzolo-Mellowes<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>(414) 271-2400 | |

October 11, 2017