**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
PRACTICING THE ART OF LAW

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: (302) 472.7300 • FAX: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial: (302) 472-7311
Email: dgattuso@hegh.law

August 8, 2018

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**Public Version Filed: 8/16/18**

Re: *Noven Pharms., Inc. v. Alvogen Pine Brook LLC, et al.,*
No. 17-01429-LPS

Dear Chief Judge Stark:

We write on behalf of Defendants Alvogen Pine Brook LLC and Alvogen, Inc. (together, "Alvogen") and 3M Company ("3M") (collectively, "Defendants") in response to Noven Pharmaceuticals, Inc.'s ("Noven") August 6, 2018 letter regarding discovery issues.

    I. **Noven's Requests for the Production of More Documents Impose A Burden that Is Disproportionate to the Needs of the Case.**

Noven asks this Court for an order requiring 3M to collect and produce without limitation all "responsive" emails and documents that were created after the filing date of the Complaint. Yet, Noven's August 6 letter fails to explain how its expansive requests are relevant to its claims or defenses, let alone justify the burden to 3M. Fed. R. Civ. P. 26(b) (discovery must be "relevant and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues [and] whether the burden or expense of the proposed discovery outweighs its likely benefit"). Furthermore, Noven failed to state the relevance of its expansive request to any *patent* issue in a meet and confer on July 19. (Ex. 1 (July 24 Email M. Murphy to J. Guhaniyogi).) Noven's requests for additional documents are disproportionate to the needs of the case and amount to a fishing expedition to delay trial.

        a. **Noven Mischaracterizes the Discovery Record.**

Collectively, Defendants have produced ▮▮▮▮ documents (over three times the number of documents produced by Noven).[1] Noven ignores ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    2. All ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    3. All ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ; and

---

[1] In contrast, Noven has produced ▮▮▮▮ documents notwithstanding the fact that Noven is the patent owner, developer and manufacturer of the prior art Vivelle-Dot product, and the owner of the Minivelle NDA, which Noven contends is covered by the Patents-in-Suit. Noven ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

The Honorable Leonard P. Stark
August 8, 2018
Page 2

4. Documents sufficient to ███████████████████████████████████████████.

Defendants are not presently aware of unproduced, non-duplicative records falling in these categories.

### b. Noven Seeks Documents that Have Already Been Produced or Lack Relevance to Any Claim or Defense of Any Party.

Noven's August 6 letter makes a blanket request for 3M to undertake the burden of collecting all post-Complaint documents.[2] This request is not proportional to the needs of the case, and Noven's handful of examples do not support Noven's request for yet additional documents.

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

Noven's request that ███████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

Noven's ███████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████ The Court should deny Noven's request for additional discovery because it is either irrelevant or disproportionate to the needs of the case.

## II. Noven Is Not Entitled to Additional Deposition Time.

### a. Noven Has Already Examined 3M's Witnesses ███████████.

Noven fails to justify its request for six more hours of deposition time with 3M's witnesses. ██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

Noven neither informed 3M of any such deficiencies nor described any in its August 6 letter. Furthermore, Noven's allegation that ████████████████████████████████
████████████████████████████████ and omits the fact that ██████████, 3M's

---

[2] Noven has been aware of 3M's objection to producing post-Complaint documents since May 31.

The Honorable Leonard P. Stark
August 8, 2018
Page 3

corporate designee, answered virtually all of the questions within the scope of the 30(b)(6) topics.

3M's July 25 ( documents), July 31 documents) and August 3 ( documents) document productions comprise a tiny fraction of 3M's overall document production ( documents), and do not support any additional deposition time.

  b. Alvogen's Witness Testified

The Court should deny Noven's request for additional deposition time . Noven's letter mischaracterizes the record. Noven knows what Alvogen knows.

Noven fails to justify the additional cost of deposition time to further explore this issue.

Noven's insistence that .

  III. Alvogen's "Future" Plans for Manufacturing Its ANDA Products.

Noven served five Rule 30(b)(6) deposition topics and one interrogatory directed to Alvogen's "future" plans for the manufacture of its ANDA Products.

 Noven's cited case law is directed to a preliminary injunction motion. Noven's suggestion that the discovery is relevant to a permanent injunction makes little sense because, if Noven should prevail at trial, "the court shall order the effective date of any approval of the drug . . . product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed." 35 U.S.C. §271(e)(4)(A).

. Noven's request for this discovery is an attempt to advance its business interests.

Respectfully,

/s/ Dominick T. Gattuso

Dominick T. Gattuso (#3630)

cc: All Counsel of Record Via Electronic Mail