

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

Direct Dial:  (302) 472-7311
Email:  dgattuso@hegh.law

August 8, 2018

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801



**Public Version Filed:  08/16/18**

Re:  *Noven Pharms., Inc. v. Alvogen Pine Brook LLC, et al.*
     *Alvogen, Inc., and 3M Company*, No. 17-01429-LPS

Dear Chief Judge Stark:

Pursuant to Paragraph 2 of the Court's Scheduling Order (D.I. 120), this correspondence accompanies Alvogen Pine Brook LLC, Alvogen, Inc. and 3M Company's Motion for Leave to File an Amended Answer.

The extensive discovery undertaken in this action has brought to light a viable claim of inequitable conduct in connection with the prosecution of U.S. Patent Nos. 9,730,900, 9,724,310 and 9,833,419 (collectively, the "Patents-in-Suit").  As set forth more fully in the attached proposed amended Answers and Counterclaims, Noven, Juan Mantelle (the sole inventor of the Patents-in-Suit) and/or the prosecuting attorneys affirmatively represented to the PTO that the purported invention in the Patents-in-Suit was an improvement upon a prior art product known as Vivelle-Dot.  Specifically, affirmative representations were made to the PTO regarding Vivelle-Dot's coat weight and estradiol content in order to claim the alleged improvement.

Throughout discovery in this action,

These materials



The Honorable Leonard P. Stark
August 8, 2018
Page 2

████████████████████████████████████████████████ the Examiner would not have allowed the asserted claims of the Patents-in-Suit.

The representations to the PTO were false, they were material (had the Examiner known of this data, the claims would not have been allowed), and they were made with an intent to deceive the PTO. Mantelle was, at all times, aware of his duty to disclose material information to the PTO during the prosecution of the Patents-in-Suit.

On August 8, 2018, Defendants asked for a meet and confer with Plaintiff to seek consent to file the proposed Amended Answer. Plaintiff did not reply to Defendants' offer until less than 15 minutes before this pleading was due, and Plaintiff did not provide a position but only requested that a copy of the proposed Answer and Counterclaims be provided to Plaintiff.

"The court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, amendment should be allowed here because this request to amend is being filed within the schedule established by the Court for making such an amendment.

Noven's statements that ████████████████████████████████████████████████████████████████████████████████. Furthermore, because satisfactorily pleading inequitable conduct requires meeting the more demanding threshold of Fed. R. Civ. P. 9, it is "appropriate . . . to confirm the factual allegations through discovery." Roquette Freres v. SPI Pharma, Inc., Civ. No. 06-540, 2009 WL 1444835, at *5 (D. Del. May 21, 2009).

Defendants are moving to amend within two weeks of receiving the documents from Novartis and within five days of deposing the last Noven 30(b)(6) witness who may have had relevant information concerning Vivelle-Dot and the Patents-in-Suit. Accordingly, Defendants have not engaged in undue delay in moving to amend their answers.

Allegations of inequitable conduct are not to be made lightly. Rather than blindly proceeding on an uninformed basis, Defendants diligently pursued discovery regarding this issue. Plaintiff's delay throughout the discovery process should not inure to their benefit by preventing Defendants from pursuing an unenforceability theory supported by detailed factual allegations.

Defendants respectfully request leave to file the Amended Answers and Counterclaims.



The Honorable Leonard P. Stark
August 8, 2018
Page 3

                                          Respectfully,

                                          */s/ Dominick T. Gattuso*

                                          Dominick T. Gattuso

cc:     All Counsel of Record:   (by CM-ECF)